UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 06:21-cv-00617-CEM-LRH

CHRISTOPHER GARY BAYLOR,
    Plaintiff,

vs.

KENNEDY COURT, LLC,

    Defendant,

and,

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, CENTERS FOR
DISEASE CONTROL AND
PREVENTION,

Third Party Defendants.
_____/

## MOTION TO DISMISS

COMES NOW, Defendant, KENNEDY COURT, LLC ("Defendant"), by and through its undersigned attorneys, and pursuant to Fed. R. Civ. P. 12(b), and hereby files this Motion to Dismiss, and as grounds therefor states:

### STATEMENT OF FACTS

1. Defendant owns the real property described in **Exhibit "A"** attached, and located in Brevard County, Florida. The street address of the portion of the property subject to this action (hereinafter the "Property" or "Subject Property") is 1111 Kennedy Court, #46, Titusville, FL 32780.

2. Plaintiff originally took possession of the Property under, and as described in, that certain lease agreement dated August 1, 2019 (the "Lease"). A true copy of the Lease is attached hereto as **Exhibit "B"**.

3. The term of the Lease expired on October 31, 2020. Subsequently, Plaintiff maintained possession of the Property with the consent of the Defendant, creating a month-to-month tenancy at will.

4. On or about December 14, 2020, Defendant gave notice to Plaintiff, pursuant to Fla. Stat. § 83.57, that Plaintiff was terminating said tenancy at will, effective at the end of the rental period, to wit: December 31, 2020. A true and correct copy of the Notice of Termination is attached hereto as **Exhibit "C"**.

7. Plaintiff failed to deliver possession of the Subject Property on January 1, 2021, and remains in possession of the Property without the consent of the Defendant.

8. Accordingly, on or about January 8, 2021, Defendant filed an eviction against Plaintiff in Brevard County, Case No.: 05-2021-CC-010813-XXXX-XX.

9. Plaintiff attempted to remove the eviction action to the United States District Court for the Middle District of Florida, Case No.: 6:21-cv-147-Orl-PGB-GJK. However, the Court remanded the matter back to state court on March 31, 2021. A copy of the Order is attached hereto as **Exhibit "D"**.

10. Then on April 7, 2021, Plaintiff filed the instant action.

11. In addition, Plaintiff filed a separate action against the managers of Defendant in their individual capacities. Plaintiff recently appealed an adverse ruling in that case to the Fifth District Court of Appeal.

## MOTION TO DISMISS STANDARD

"In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." Dusek v. JPMorgan

2

Chase & Co., 832 F.3d 1243 (11th Cir. 2016). In this instance, Plaintiff's Complaint fails to state a cause of action upon which relief may be granted even when taken as true and in the light most favorable to Plaintiff.

## ARGUMENT AND MEMORANDUM OF LAW

At first glance it is difficult to decipher the nature of the exact relief being sought by Plaintiff. After 63 paragraphs that consist of statistics, opinions and discussion about property flipping, Plaintiff reaches what appears to be the first alleged cause of action for "Violation of the Fair Housing Act of 1968 - Title VIII of the Civil Rights Act 42 U.S.C. 3601." Then, at paragraph 74 of the Complaint, Plaintiff claims to allege a second cause of action, to wit: "Violation of Fifth Amendment Rights - Equal Protection Clause - 28 U.S. Code § 1343." Then finally, in his Request for Relief, Plaintiff requests that the Court find that the Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 ("Moratorium Order") is unconstitutional. In paragraphs B & C of the prayer for relief, Plaintiff seeks injunctive relief. Then, Plaintiff requests relocation costs of $257,990.00 and statutory damages "under 42 U.S. Code § 271."

## MULTIFARIOUS AND SHOTGUN PLEADING

Aesthetically, and from a drafting perspective, Plaintiff's Complaint is a hodgepodge of conclusory and irrelevant statements attempting to set forth a cause of action. At the outset, Plaintiff identifies DEPARTMENT OF HEALTH AND HUMAN SERVICES ("DHH") and CENTERS FOR DISEASE CONTROL AND PREVENTION ("CDC") as Third-Party Defendants. However, a Third Party Complaint has not been filed in this action. If forced to guess, one would have to assume that DHH and CDC are included in this action due to Plaintiff request that this Court find the Moratorium Order unconstitutional. Yet, strangely enough, Plaintiff seeks protection under the Moratorium Order

3

at the same time he seeks to have it held unconstitutional. This inconsitency alone is sufficient to dismiss the Complaint as multifarious. Walker v. Powers, 104 U.S. 245 (1881).

Another cause for dismissal, is that Plaintiff's Complaint amounts to a shotgun pleading on four levels. First, both "Causes of Action", as identified above, reincorprate all of the preceeding paragraphs of the Complaint. Second, Plaintff's Complaint is full of conclusory allegations unconnected to a party. Third, Plaintiff's prayer for relief is at the end of the Complaint and not separated by count. Fourth, Plaintiff does not specify which claim is being brought against which party. As stated by the 11th Circuit in Sarhan v. Miami Dade College, 800 Fed.Appx. 769 (11th Cir. 2020):

> Shotgun pleadings include complaints that: (1) "contain multiple counts where each count adopts the allegations of all preceding counts"; (2) do not re-allege all the proceeding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against.

Accordingly, as the Complaint is a shotgun pleading, same violates Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291 (11th Cir. 2018). As written, the causes of action are inconsistent and it is impossible for Defendant to determine what exact relief is being sought.

### FAILURE TO STATE CAUSES OF ACTION
### INJUNCTIVE RELIEF

Yet another, and perhaps more egregious flaw, is Plaintiff's request for injunctive relief. In order to state a cause of action for a permanent injunction, the Plaintiff must allege: 1) irreparable injury; 2) no adequate remedy at law; 3) the balance of hardship rests in his favor; 4) an injunction

would not go against the public interest. <u>Angel Flight of Georgia v. Angel Flight America, Inc.</u>, 522 F.3d 1200 (11th Cir. 2008). Here, Plaintiff does not allege any of the required elements of an injunction. Moreover, although he seeks the equitable remedy of injunctive relief, Plaintiff seeks relocation damages of $257, 990.00, as well as statutory damages; that in and of itself is sufficient to dismiss the Complaint.

## FAIR HOUSING

Seemingly, Plaintiff is attempting to state a cause of action under the Fair Housing Act of 1968 resulting from the practice of "flipping" property. However, pursuant to 24 C.F.R. § 100.500 (2020), in order to make a proper disparate impact claim, Plaintiff must plead:

> (1) That the challenged policy or practice is arbitrary, artificial, and unnecessary to achieve a valid interest or legitimate objective such as a practical business, profit, policy consideration, or requirement of law;
> (2) That the challenged policy or practice has a disproportionately adverse effect on members of a protected class;
> (3) That there is a robust causal link between the challenged policy or practice and the adverse effect on members of a protected class, meaning that the specific policy or practice is the direct cause of the discriminatory effect;
> (4) That the alleged disparity caused by the policy or practice is significant; and
> (5) That there is a direct relation between the injury asserted and the injurious conduct alleged.

See also, <u>Texas Dept. of Housing and Community Affairs v. Inclusive Communities Project, Inc.</u>, 576 U.S. 519 (2015).

Plaintiff made no such allegations in the Complaint. The allegations in the Complaint are simply conclusory and discuss the affect of the Moratorium Order and not the practices of Defendant against Plaintiff. Moreover, Plaintiff intentionally misleads the Court as Plaintiff is being evicted as a holdover tenant, not as a non-payment tenant. However, the Moratorium Order only applies to the non-payment of rent. As such, the bulk of the allegations in the Complaint are wholly inapplicable.

## EQUAL PROTECTION

The Complaint sets out three paragraphs which, again, are difficult to follow. Ostensibly, the equal protection cause of action is only against the "Agencies" as same are defined in the Complaint. However, it is unclear if any relief is sought against Defendant. To the extent relief is sought against Defendant, the claim fails to state a cause of action upon which relief may be granted. Namely an equal protection claim must pertain to government action. San Antonio Indep. School Dist. v. Rodriguez, 411 U.S. 1, 59 (1973). Clearly, defendant is an LLC and not the government.

In addition, as previously stated, this cause of action does not show that Plaintiff is entitled to relief as required under violates Fed. R. Civ. P. 8(a)(2).

## CONCLUSION

In summary, the Complaint does not properly state a cause of action and violates Fed. R. Civ. P. 8(a)(2) by not setting forth a short statement showing that the Plaintiff is entitled to relief. The Complaint is a multifarious, shotgun pleading, and fails to properly allege the elements for injunctive relief or Fair Housing and equal protection claims. Accordingly, this Court should dismiss the Complaint.

WHEREFORE, Defendant requests that this Court dismiss this action with prejudice and enter such other and further relief as this Court deems equitable and just.

*[CERTIFICATION ON FOLLOWING PAGE]*

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant spoke by telephone with the Plaintiff on April 27, 2021 to confer regarding the instant Motion to Dismiss. The parties were unable to resolve the Motion to Dismiss as Plaintiff does not agree to the relief sought by Defendant.

Dated: April 27, 2021

_____
LUIS D. CARREJA, ESQ.
Florida Bar No.: 0176060
WATSON, SOILEAU,
DeLEO & BURGETT, P.A.
3490 North U.S. Highway One
Cocoa, Florida 32926
Phone: (321) 631-1550
E-mail: Luis@brevardlawgroup.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Luis D. Carreja
Luis D. Carreja, Esq.

**SERVICE LIST:**

Christopher G. Baylor, Plaintiff
491 Baltimore Pike, Suite 105
Springfield, Pennsylvania 19064